Allen **PORTNOY**, Appellant,

v.

**DEFIANCE, INC.,** Appellee.

No. 91–1904.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 11, 1991.

Decided Dec. 16, 1991.

Gary A. Growe, St. Louis, Mo., for appellant.

John A. Naayers and Richard G. Farrar, Maumee, Ohio, and Lawrence J. Fleming, St. Louis, Mo., for appellee.

Before FAGG, Circuit Judge, BRIGHT, Senior Circuit Judge, and WOODS,* District Judge.

HENRY WOODS, District Judge.

The appellant, Portnoy, contends that the district court erroneously dismissed his complaint for lack of personal jurisdiction over the appellee/defendant, Defiance, Inc. ("Defiance"). The facts are undisputed. Portnoy, a Missouri resident,[1] was Chairman of the Board of Directors of Defiance, a Delaware corporation with its principal place of business in Ohio. Defiance was, in turn, the majority stockholder in Prime Coat Technology, Inc. ("Prime Coat"), a Delaware corporation with its principal place of business in Michigan.

Portnoy offered to buy Prime Coat from Defiance. The final negotiations were held in St. Louis, Missouri and three agreements were executed there: a stock purchase agreement, a promissory note and a guaranty agreement. The Board of Directors of Defiance had previously held two board meetings in St. Louis, although there is no indication that Portnoy's stock purchase offer was discussed at those meetings. The stock purchase agreement included a choice-of-laws clause favoring Ohio law.

Portnoy sued in federal district court in Missouri, alleging fraud and misrepresentation in the financial statements Defiance provided to him regarding Prime Coat. Defiance moved to dismiss, pursuant to Fed. R.Civ.P. 12(b)(2), contending that it did not transact business in Missouri, that it did not enter into a contact in the State of Missouri, and that it lacked requisite contacts with Missouri to satisfy due process requirements of the constitution.

The district court found that the contracts at issue were finalized and executed in Missouri. The Missouri long-arm statute states in pertinent part:

---

* The HONORABLE HENRY WOODS, United States District Judge for the Eastern District of Arkansas, sitting by designation.

1. The appellee notes that the appellant is currently a resident of the State of California. Assuming that to be true, it is irrelevant.

Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm or corporation and, if an individual, his personal representative, to the jurisdiction of the court of this state as to any cause of action arising from the doing of any of such acts:

(1) The transaction of any business within this state;

(2) The making of any contract within this state....

Mo.Rev.Stat. 506.500.1.

Although holding that the contract was made within the State of Missouri, the district court found that Defiance was not transacting business within the state. However, the statute clearly indicates that either by transacting business or making any contract within the state, a person is subjected to jurisdiction in Missouri. The district court further found that Defiance lacked the requisite contacts to permit jurisdiction. We reverse.

■ Jurisdiction under the Missouri Long–Arm Act involves a two-part analysis. First, does the activity of the defendant fall within the ambit of the state statute, and, second, does the assertion of jurisdiction violate federal due process? Appellee does not dispute the obvious fact that the activities of Defiance fall precisely within the language of subsection (2) of the Missouri Long–Arm statute, *supra.* It is not necessary to decide whether Defiance was also engaged in "the transaction of any business within the state." However, it was clearly so engaged and thus satisfied the requirements of subsection (1) of the Missouri statute. In *State ex rel Metal Service Center of Georgia, Inc. v. Gaertner,* 677 S.W.2d 325 (Mo. *banc* 1984), the Supreme Court of Missouri held that the statutory language was intended "to provide for jurisdiction within the specific categories enumerated in the statute, to the full extent permitted by the due process clause of the Fourteenth Amendment." *Id.* at 327.

■ It follows that the only issue before us on this appeal is whether the assertion of jurisdiction would violate federal due process. In the seminal case of *International Shoe v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), it was said that "due process requires only that ... he [the defendant] have certain minimum contacts with it [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.* at 316, 66 S.Ct. at 158. A restriction was engrafted on this in *Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958) when the court held that before a state can exercise jurisdiction it is essential that there be a showing that the defendant purposely availed itself of the privilege of conducting activities within the forum state.

The present rule was stated by this court in *Watlow Electric Mfg. Co. v. Patch Rubber Co.,* 838 F.2d 999, 1002 (8th Cir.1988) quoting from *Burger King Corporation v. Rudzewicz,* 471 U.S. 462, 476, 105 S.Ct. 2174, 2184, 85 L.Ed.2d 528 (1985):

The test of course is whether [defendant] "purposely established 'minimum contacts' in the forum state" such that the "assertion of personal jurisdiction would comport with 'fair play and substantial justice.'"

■ We have no hesitancy in finding that the defendant purposely established minimum contacts with Missouri. The parties executed the stock purchase agreement which is the subject of this litigation in Missouri. The promissory note to effectuate the agreement was executed in Missouri, as well as a guaranty agreement on the indebtedness. Negotiations leading up to the execution of these instruments were conducted in the plaintiff's office in St. Louis, Missouri. Assertion of jurisdiction in this case does not offend "traditional notions of fair play and substantial justice."

Reversed and remanded.